IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated,

    Plaintiff,

v.

HUME HEALTH CORP.,

    Defendant.

CIVIL ACTION FILE NO. 3:25-cv-00161

## DEFENDANT HUME HEALTH CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SHERI BUTLER BROCKINGTON'S COMPLAINT

Defendant Hume Health Corp. ("Hume" or "Defendant"), by and through its undersigned counsel, hereby states the following in response to the Complaint filed by Plaintiff Sheri Butler Brockington ("Plaintiff").

### RESPONSE TO COMPLAINT

In answer to the allegations set forth in the Complaint, Hume responds as follows:

### (ALLEGED) NATURE OF THE ACTION

1. Hume admits that Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA"), and that the allegations in this paragraph accurately quote a portion of the language in Pub. L. No. 102-243, 105 Stat. 2394 §§ 2(6) & 2(9). The remaining allegations in this paragraph consist of Plaintiff's subjective characterizations and opinions of telemarketing calls, to which no response is required. To the extent a response is required, Hume denies the remaining allegations in this paragraph.

2. Hume admits that a person can add his or her number to the Do-Not-Call registry, and that this paragraph accurately quotes portions of the language in 16 C.F.R. § 310.4(b)(iii)(B) and *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019). The remaining allegations in this paragraph consist of Plaintiff's subjective characterizations and opinions of 47 C.F.R. § 64.1200(c)(2) and the Do-Not-Call registry, to which no response is required. To the extent a response is required, Hume denies any remaining allegations in this paragraph.

3. This paragraph consists of Plaintiff's subjective characterization of this action, to which no response is required. To the extent a response is required, Hume admits that Plaintiff brings this action alleging that Hume violated the TCPA. Hume denies that Plaintiff alleges in this action that Hume made "telemarketing calls" to Plaintiff. Hume further denies any remaining allegations in this paragraph.

4. Hume denies the allegations in this paragraph.

## PARTIES

5. Hume lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

6. Hume denies that Defendant Hume Health Corp., the defendant named in this action, is a limited liability company. Hume lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to "Hume Health LLC" and therefore denies them.

## JURISDICTION AND VENUE

7. Hume admits that Plaintiff purports to bring claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227. The remaining allegations in this paragraph call for legal conclusions, to which no response is required.

8. Hume admits that it sent texts into this District. The remaining allegations in this paragraph call for legal conclusions, to which no response is required.

9. Hume lacks knowledge or information sufficient to form a belief as to the truth of the allegations, as it is unclear what telephone calls (if any) would be "at issue" in this action—and where Plaintiff does not allege that Hume made any telephone calls to Plaintiff—and therefore denies them.

## TCPA BACKGROUND

The National Do Not Call Registry

10. Hume admits that the National Do Not Call Registry allows consumers to register their telephone numbers. The remaining allegations in this paragraph consist of subjective characterizations of 47 C.F.R. § 64.1200(c)(2), to which no response is required.

11. Hume admits that this paragraph accurately quotes portions of the language in 47 C.F.R. § 64.1200(c)(2).

12. This paragraph consists of subjective characterizations of the TCPA and implementing regulations, along with legal conclusions, to which no response is required.

## FACTUAL ALLEGATIONS

13. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

14. Hume lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. Hume lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16. Hume lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17. Hume lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

18. Hume denies the allegations in this paragraph.

19. Hume admits that it sent Plaintiff text messages in February of 2025. The remaining allegations in this paragraph consist of Plaintiff's subjective characterizations of these text messages, to which no response is required. To the extent a response is required, Hume denies the remaining allegations in this paragraph.

20. Hume admits that it sent Plaintiff the text messages captured on pages 5-9 of the Complaint.

21. Hume denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

22. Hume admits that Plaintiff purports to bring this action on behalf of himself and the purported classes described in this paragraph. Hume denies any remaining allegations in this paragraph.

23. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

24. Hume admits that Plaintiff purports to bring the claims alleged in this action on behalf of himself and purported class members.

### (Alleged) Numerosity

25. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

26. This paragraph consists of legal conclusions and assertions made "on information and belief," to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

27. Hume denies the allegations in this paragraph.

28. Hume denies the allegations in this paragraph.

### (Alleged) Commonality

29. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

30. Hume denies the allegations in this paragraph.

### (Alleged) Typicality

31. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph, and, further answering, states that Plaintiff does not allege that she received any telephone calls, unsolicited or otherwise, from Hume.

### (Alleged) Adequacy of Representation

32. This paragraph consists of legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, Hume lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

33. This paragraph consists of legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, Hume lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

**(Alleged) Superiority**

34. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

35. Hume denies the allegations in this paragraph.

36. This paragraph consists of Plaintiff's subjective characterizations, opinions, and legal conclusions, to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

37. This paragraph consists of Plaintiff's subjective characterizations, opinions, and legal conclusions, to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

38. This paragraph consists of Plaintiff's subjective characterizations, opinions, and legal conclusions, to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

39. This paragraph consists of Plaintiff's subjective characterizations, opinions, and legal conclusions, to which no response is required. To the extent a response is required, Hume denies the allegations in this paragraph.

**(ALLEGED) COUNT I**
**Telephone Consumer Protection Act**
**(Alleged Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the "National Do Not Call Registry Class")**

40. Hume repeats and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

41. Hume denies the allegations in this paragraph.

42. Hume denies the allegations in this paragraph.

43. Hume denies the allegations in this paragraph.

44. Hume admits that Plaintiff seeks injunctive relief. Hume denies that Plaintiff is entitled to injunctive relief and denies the remaining allegations in this paragraph.

## PRAYER FOR RELIEF

The paragraph following Paragraph 44 consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Hume denies that Plaintiff is entitled to any of the relief requested in the prayer for relief and further denies that Plaintiff is entitled to any relief whatsoever by way of the Complaint. Further answering, Hume denies any other allegations in the Complaint that are not specifically admitted or denied herein.

## JURY DEMAND

Hume admits that Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

Hume specifically alleges and asserts the following affirmative defenses in response to the allegations set forth in the Complaint. Hume's inclusion of these affirmative defenses in this Answer is not a concession that Hume bears the burden of proof with respect to any of them. Without waiving or excusing Plaintiff's burden of proof or admitting that any of the following are defenses upon which Hume has any burden of proof as opposed to denials of matters at which Plaintiff has the burden of proof, or that Hume has any burden of proof at all, Hume asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members' claims are barred by their own consent. Before receiving any of the alleged text message communications from Hume set forth in the Complaint, Plaintiff and/or the putative class members expressly consented to receiving such communications. Specifically, on or around January 22, 2025, Plaintiff clicked through a Facebook advertisement

for a Hume product, manually input her email and cellular phone number into a form provided by Hume on its website, and agreed to receive marketing communications from Hume, including by text message, and including the February 2025 text message communications alleged in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class members' claims are barred because they have an established business relationship with Hume which bars recovery under the TCPA for any of the alleged text message communications from Hume set forth in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class members lack Article III standing. Having consented to receiving the complained-of communications from Hume, and to the extent that Plaintiff and/or the putative class members have not paid money, lost title to goods or value, suffered any other concrete or particularized harm, they cannot show a concrete and particularized invasion of a legally protected interest.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over this action. Plaintiff and/or the putative class members' claims are governed by a mandatory arbitration clause in Hume's Terms of Service, to which all visitors to Hume's website, including Plaintiff and/or the putative class members, consent, and which mandates that such claims be resolved in binding arbitration before the American Arbitration Association.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class members' claims are barred to the extent that they waived the right to participate in a class action involving such claims pursuant to the mandatory arbitration

clause in Hume's Terms of Service, to which all visitors to Hume's website, including Plaintiff, consent, and which limits any claim to be resolved on a class-action basis.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members' claims are barred because Plaintiff and/or the putative class members suffered no damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members' claims are barred to the extent they failed to mitigate their damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

With respect to all matters alleged in the Complaint, Hume at all times acted in good faith and in conformance with all applicable government and industry standards and decisions of the Federal Communications Commission, thus precluding any recovery by Plaintiff and/or the putative class members' claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members fail to allege facts sufficient to state any cause of action upon which relief can be granted, particularly insofar as Plaintiff's prayer for relief seeks a judgment based on an alleged violation of the "FTSA" but Plaintiff and/or the putative class members fail to allege a cause of action for a violation of the "FTSA."

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members' claims cannot properly be certified under Federal Rule of Civil Procedure 23 because questions of fact relating to each individual putative class member predominate over the questions relating to the class, including, but not limited to:

a. Whether each individual was allegedly contacted by Hume; and

b. Whether each individual provided consent prior to any such contact.

c. Whether each individual revoked consent at any time.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members fail to allege facts sufficient to state they are entitled to the injunctive relief they seek, particularly insofar as Plaintiff's prayer for relief seeks injunctive relief prohibiting certain calls irrespective of whether Plaintiff and/or the putative class members consented to receive such calls. Additionally, Plaintiff's prayer for relief seeks injunctive relief prohibiting Hume from "using an automated dialer in the future" but Plaintiff and/or the putative class members fail to allege facts sufficient to state they are entitled to such relief. Further, Plaintiff's claims for equitable remedies, including injunctive relief, are barred because adequate remedies exist at law to redress any injuries to Plaintiff and/or the putative class members.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and/or putative class members never revoked consent to Defendant calling her cellular telephone using an automated telephone dialing system and/or automated prerecorded voice message.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged telephone calls were not made using an automatic telephone dialing system within the meaning of 47 U.S.C. § 227 or, alternatively, the telephone equipment used to make any alleged call did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator at the time the calls were made.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that any purported TCPA violations, which are denied, were not committed willfully or knowingly, and thus Plaintiff and/or putative class members are not entitled

10

Case 3:25-cv-00161-KAC-DCP    Document 21    Filed 06/16/25    Page 10 of 12
PageID #: 54

to treble damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any alleged violations of the TCPA that occurred more than four years prior to the filing of the lawsuit are barred by the statute of limitations set forth in 28 U.S.C. § 1658.

Hume reserves the right to raise such other affirmative defenses as may be later available or as are made apparent during and/or from discovery. Hume has not knowingly or intentionally waived any applicable affirmative defenses. If it appears that any affirmative defense is or may be applicable after Hume has had an opportunity to conduct reasonable discovery in this matter, Hume will assert such affirmative defenses in accordance with the Federal Rules of Civil Procedure.

## PRAYER

For the reasons set forth herein, Defendant Hume Health Corp. requests that this Court enter judgment in favor of Defendant, and against Plaintiff, and issue an Order as follows:

1. Dismissing all claims in the Complaint, with prejudice;

2. Denying class certification;

3. Awarding Defendant all reasonable attorneys' fees, costs, and expenses in accordance with any applicable contracts, law, and/or statutes; and

4. Awarding Defendant any such other relief as the Court deems just and proper.

DATED: June 16, 2025

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

/s/ *Robert F. Tom*
Robert F. Tom (TN #26636)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.577.2159
rtom@bakerdonelson.com

Erika L. Hughes (TN #035755)
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
Telephone: 865.549.7130
ehughes@bakerdonelson.com

*Counsel for Defendant Hume Health Corp.*

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of June, 2025, a true and correct copy hereof was served via the ECF system to be served on the following counsel of record.

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

William F. Burns
Bryce M. Timmons
5865 Ridgeway Center Parkway, Suite 300
Memphis, Tennessee 38120

/s/ *Robert F. Tom*
Robert F. Tom