IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | : : : | CASE NO. 3:25-cv-00161 |
| Plaintiff, | : : | |
| v. | : : | **JURY DEMANDED** |
| HUME HEALTH CORP. | : : | |
| Defendant. | : : | |

**JOINT RULE 26(f) PLANNING REPORT**

Pursuant to Local Rule 16.1 and this Court's Case Management Instructions, the parties conferred in compliance with Federal Rule of Civil Procedure 26(f) on June 27, 2025. Participating in the conference were Anthony Paronich, counsel for Plaintiff, and Erika L. Hughes, counsel for Defendant. The parties jointly file this Discovery Planning Report and state as follows:

**1.    Status, General Nature, and Issues of Case**

Plaintiff Shari Butler Brockington ("Ms. Brockington" or "Plaintiff"), initiated this action by filing her Class Action Complaint asserting claims against Defendant Hume Health Corp. ("Hume Health") for violations of the Telephone Consumer Protection Act of 1991., Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). Ms. Brockington brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that Hume Health violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

Plaintiff contends that Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Hume Health makes calls *en masse,* the appropriate vehicle for their recovery is a class action lawsuit.

Defendant denies each and every allegation and cause of action. Further, Defendant contends that Plaintiff and the proposed class are entitled to no relief whatsoever.

**2.     Discovery Plan**

**(a)     Pre-Discovery Disclosures.**  The parties will exchange by July 25, 2025, the information required by Fed. R. Civ. P. 26(a)(1).

**(b)     Discovery and Case Management Schedule**

1.     Completing all discovery:  **June 5, 2026.**

2.     Plaintiff's disclosure of all expert witnesses along with any written report prepared and signed by the witness pursuant to Rule 26(a)(2):  **April 10, 2026.**

3.     Defendant's disclosure of all expert witnesses along with any written report prepared and signed by the witness pursuant to Rule 26(a)(2):  **May 8, 2026.**

4.     Filing Plaintiff's motion for class certification:  **June 12, 2026.**

5.     Filing Defendant's response to a motion for class certification: **July 17, 2026.**

6.     Filing Plaintiff's reply in support of class certification: **August 14, 2026.**

7.     Filing all dispositive motions: **August 28, 2026.**

8.     Pretrial conference and other pretrial deadlines:  TBD by Court.

**3.     Trial Date**: The parties request a trial date in **December 2026** based on the availability of the Court.

4.  **ESI**

The parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery" or "ESI"). The parties agree that discovery requests may require retrieval of electronically-stored information (ESI) from computers and other data storage devices, including electronic mail (e-mail). Should the parties be unable to agree on ESI issues at a later date, the parties will confer over the proper handling of the same and, if necessary, will seek court intervention as outlined by, and in compliance with, the Rules and any Order of this Court. By the foregoing, the parties do not waive any objection to discovery requests, including objections on the grounds of undue burden or expense.

5.  **Electronic Service.** The parties agree to electronic service of pleadings, motions, discovery, and any other documents to be served in connection with this matter by service at the following e-mail addresses:

ehughes@bakerdonelson.com

rtom@bakerdonelson.com

sschiller@scalefirm.com

anthony@paronichlaw.com

fwatson@watsonburns.com

bburns@watsonburns.com

btimmons@watsonburns.com

6.  **Privilege or Protection of Trial Preparation Materials**: The parties agree that claims of privilege or of protection of trial preparation materials, including procedures to assert those claims after production, shall be governed by Rule 26. Further, the parties agree that if there is an inadvertent production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege

3

or protection from discovery in this case or in any other federal or state proceeding. If the disclosing party inadvertently produces privileged or trial preparation material, the receiving party must return, sequester, or destroy all information and copies and may not further view, use, or disclose this information until the claim of privilege or protection as trial preparation material is resolved, so long as the disclosing party identifies the material mistakenly produced.

The parties will submit a proposed protective order by July 11, 2025.

**7. ADR.** The parties will engage in mediation no later than **August 28, 2026** with a mediator that is mutually agreeable to the parties.

Respectfully submitted,

*/s/Frank L. Watson, III*
Frank L. Watson, III (TN #15073)
William F. Burns (TN #17908)
Brice M. Timmons (TN #29582)
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38104
Phone: (901) 529-7996

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*

**BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ, PC**

/s/ *Erika Hughes*
Robert F. Tom (TN #26636)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

Telephone: 901.577.2159
rtom@bakerdonelson.com

Erika L. Hughes (TN #035755)
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
Telephone: 865.549.7130
ehughes@bakerdonelson.com

***Attorneys for Defendant***