IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | : : : : : : | |
| Plaintiff, | : : : : | CIVIL ACTION FILE NO. 3:25-cv-00161<br>**JURY DEMANDED** |
| v. | : : : : | |
| HUME HEALTH CORP., | : : : : | |
| Defendant. | : | |

**AGREED PROTECTIVE ORDER**

It appearing to the Court that Defendant Hume Health Corp. ("Defendant") and Plaintiff Sheri Butler Brockington ("Plaintiff") (collectively, "Parties"), by and through their respective counsel, have agreed to the provisions of this Agreed Protective Order ("Protective Order"), the Court **ORDERS** as follows:

1. **DEFINITIONS:**

(a) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, business, financial, proprietary, or commercial information or personal information that implicates individual privacy interests, such as tax or medical information or personal identifying information. Confidential Information does not include information that is in the public domain or information that is already in the receiving Party's lawful possession at the time of its disclosure.

(b) "Confidential Material" means any document(s), tangible thing(s), testimony, information or other material(s) designated as "CONFIDENTIAL" pursuant to Paragraph 2 of this Protective Order and information contained therein.

(c) "Permitted Recipients" means those individuals permitted to have access to Confidential Information protected by this Protective Order. Specific Permitted Recipients are limited in their access to and use of Confidential Information in the manner described in Paragraph 3 of this Protective Order.

2. **DESIGNATION:**

(a) A document (or portion of a document) or other material that a Party determines in good faith to contain Confidential Information may be designated as such by (i) stamping the word "CONFIDENTIAL" on the document or other material, (ii) otherwise indicating the portion that is so designated, (iii) employing other means provided for in this Protective Order, or (iv) using any other reasonable method agreed to by the Parties.

(b) The Parties may, on the record of a deposition or by written notice to opposing counsel no later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as confidential based on a good-faith determination that any portion so designated constitutes Confidential Information. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL."

(c) Any inadvertent failure to designate a document (or portion of document) or other material as Confidential Information shall not preclude the Parties from later designating the document or other material, in which event the items subject to such designation shall thereafter be treated as Confidential Material. The Parties shall notify each other of such designation in

2

Case 3:25-cv-00161-KAC-DCP   Document 28   Filed 07/11/25   Page 2 of 9   PageID #: 82

writing.

(f) A Party may designate as "CONFIDENTIAL" any information contained in documents that are in the possession of a third party if the documents contain Confidential Information, as the case may be.

3. **DISCLOSURE OF CONFIDENTIAL INFORMATION:**

Confidential Information, and any summary, description, analysis, or report containing such Confidential Information, shall not be used, discussed, revealed, or disclosed by the receiving Party, except as otherwise herein may be allowed, in any manner or form to any person other than the following Permitted Recipients:

(a) Counsel of record for each Party, and members, associates, or employees of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense, or settlement of this action, upon the condition that the counsel of record shall ensure that the confidentiality of such documents is maintained in accordance with this Protective Order.

(b) Inside counsel, paralegals, and legal staff or secretaries of the Parties who are assisting in the prosecution, defense, or settlement of this action, upon the condition that the inside counsel shall ensure that the confidentiality of such documents is maintained in accordance with this Protective Order.

(c) The Parties' experts and consultants and the secretarial and clerical staffs of such experts and consultants (hereinafter "experts"), upon the condition that the experts, for themselves and their staff members, shall agree in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A.

(d) A witness at any deposition or other proceeding in this action provided that such witness has agreed in writing to be bound by the terms of this Protective Order, as set forth in

Exhibit A.

(e) The Court, persons employed by the Court, jurors and prospective jurors in this action, appellate courts, mediators employed to help resolve this case, and appellate court personnel performing judicial functions related to this case.

(f) Any court reporter, typist, or videographer recording or transcribing testimony or argument in this action.

(g) Clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel, retained to assist a Party or its counsel.

4. **USE OF CONFIDENTIAL INFORMATION:**

Except as agreed in writing by the Parties, information designated as "CONFIDENTIAL" pursuant to this Protective Order shall be maintained in confidence by the Permitted Recipient(s) to whom it is disclosed; may be used by such Permitted Recipient(s) solely in the prosecution or defense of this case, including any appeal(s), and for no other litigation, business, or other purpose; and may be disclosed by such Permitted Recipient(s) only to another Permitted Recipient in accordance with this Protective Order. All Permitted Recipients shall exercise due and proper care with respect to the storage, custody, and use of all information so designated. Except for information that is required to be produced pursuant to Paragraph 6 or as otherwise agreed by the Parties, in no event shall information designated as confidential be used, disclosed, or referred to in connection with any other action or proceeding either inside or outside of the judicial system.

5. **CHALLENGE TO DESIGNATION:**

(a) Any Party may challenge a designation made under Paragraph 2 by written notice of its objection to counsel for the producing Party. Challenge to a designation made under

Paragraph 2 may be made either upon the record of the deposition or as provided in the preceding sentence.

(b) In the event a designation is challenged, the challenging Party and the producing Party shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be informally resolved within ten (10) days, the Party challenging the designation may move for an appropriate ruling from the Court. The material shall continue to be treated as Confidential Material unless the challenging Party and the producing Party agree in writing or the Court rules to the contrary. In the event the challenging Party applies to the Court for such a ruling, the producing Party shall have the burden of establishing that the document is entitled to protection as Confidential Material.

(c) A Party shall not be obligated to challenge the propriety of the designation made under Paragraph 2 at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

**6. REQUEST FOR DESIGNATED INFORMATION IN OTHER PROCEEDINGS:**

Subject to the provisions herein, if another court (except the Court in this action), administrative agency, or any other person subpoenas or orders production of Confidential Material that a Party has obtained through discovery in this case under the terms of this Protective Order, such Party shall immediately notify the producing Party of the pendency of such subpoena or order, and to the extent authorized by law, shall object to such production on the basis of this Protective Order, and shall use its best efforts to afford the producing Party an opportunity to be heard by the court, administrative agency, or other body prior to any disclosure of Confidential Material.

**7. INADVERTENT PRODUCTION NOT A WAIVER OF PRIVILEGE:**

The production (whether inadvertent or not) of any document, tangible thing, information, or other material covered by an attorney-client, attorney work product, or other applicable evidentiary privilege that would enable the producing Party to withhold documents, tangible things, information, or other material from production shall not constitute a waiver or impairment of any claim of privilege (including under the attorney client privilege or work product doctrine) concerning any such documents, tangible things, information, or other material or the subject matter thereof. The producing Party shall have the right to re-designate as privileged or withhold such documents, tangible things, information, or other material that it produces or has produced. If production occurs, the allegedly privileged materials, together with all copies and notes thereof, shall be returned to the producing Party or, in the case of notes, destroyed, as soon as practicable after demand of the producing Party. Return of the allegedly privileged information in no way prejudices or impairs the returning Party's rights to challenge the privilege contention of producing Party; provided, however, that, if producing Party has made a demand for return as set forth above, the basis of such challenge shall not include an argument that producing Party waived the privilege or protection by production. Any claim of privilege as to any matter inadvertently produced shall be made not later than seven (7) days after the discovery of the inadvertent production but in no event later than the close of discovery.

**8. RETENTION OF JURISDICTION BY COURT:**

The Parties agree that the United States District Court for the Eastern District of Tennessee has jurisdiction over all Parties for the purpose of enforcing this Protective Order. The provisions of this Protective Order shall survive the termination or conclusion of this action. To the extent authorized by law, this Court retains jurisdiction over this action for enforcement of the provisions

of this Protective Order following the final resolution of this litigation.

9. **RETURN OR DESTRUCTION OF DESIGNATED MATERIAL:**

Within thirty (30) days after final conclusion of all aspects of this action, including all appeals, the Parties shall use reasonable efforts to return to the producing Party or destroy all Confidential Material and all copies of same (other than exhibits of record and archived tape backup copies provided that the applicable portions of such tapes are not restored from the backups), unless the producing Party agrees in writing to some other disposition. Each Party shall confirm in writing that it has used reasonable efforts to return to the producing Party or to destroy all Confidential Material and all copies of same. The Parties agree that, in the event any Confidential Material or any copies of same are later found, they shall not be used for any purpose and shall be promptly returned to the producing Party or destroyed. Notwithstanding the foregoing, copies of final versions of attorney work product and briefs, pleadings, written discovery responses, transcriptions of testimony and exhibits thereto, expert reports, evidence adduced at trial, and other court papers prepared or used in this action need not be returned or destroyed, but shall remain subject to the provisions of this Protective Order.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

APPROVED FOR ENTRY:

**WATSON BURNS, PLLC**

<u>/s/ Frank L. Watson, III</u>
Frank L. Watson, III (TN #15073)
William F. Burns (TN #17908)
Brice M. Timmons (TN #29582)
253 Adams Ave.
Memphis, TN 38104
Phone: (901) 529-7996
*Attorneys for Plaintiff*

**PARONICH LAW, P.C.**

<u>/s/ Anthony I. Paronich</u>
Anthony I. Paronich
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Attorneys for Plaintiff*

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

<u>/s/ Robert F. Tom</u>
Robert F. Tom (TN #26636)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.577.2159
rtom@bakerdonelson.com

Erika L. Hughes (TN #35755)
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
Telephone: 865.549.7130
ehughes@bakerdonelson.com
*Attorneys for Defendant*

# **EXHIBIT A**

1.      I,_____, have read the foregoing Agreed Protective Order (the "Order") entered in an action entitled *Sheri Butler Brockington v. Hume Health Corp.*, No: 3:25-cv-00161, pending in the United States District Court for the Eastern District of Tennessee (the "Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Protective Order;

2.      I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under the Protective Order any documents, tangible things, information, or materials that have been designated "CONFIDENTIAL";

3.      I agree that if I am executing this on behalf of my employees, or non-lawyer legal staff as provided in for in the Protective Order, I will take all reasonable steps necessary to ensure that the confidentiality of such information is strictly maintained in accordance with this Protective Order; and

4.      I hereby agree that any documents, tangible things, information, or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose and will be returned to the party who furnished such documents, tangible things, information, or materials to me or destroyed.

Signature:     _____

Print Name:    _____