UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:25-CV-161-KAC-DCP |
| v. | ) ) | |
| HUME HEALTH, LLC; | ) ) | |
| Defendant. | ) | |

## PHASE ONE SCHEDULING ORDER

The Parties jointly filed a Rule 26(f) Report in this class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 [*See* Doc. 25]. It is prudent to phase the schedule of this action to address issues related to class certification before proceeding, if at all, to the full merits. Accordingly, the Court sets the below Phase One schedule. The Court will set Phase Two deadlines after adjudicating any motion for class certification. ***Except as otherwise set forth in this Order, this schedule will not change except for good cause shown in strict compliance with Rule 6(b).***

1. **Jurisdiction:** In this case, Plaintiff invokes the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1331.

2. **Settlement/Alternative Dispute Resolution:** The Court advises the Parties of the Federal Mediation Program (*see* Local Rule 16.4). The Parties shall consider utilizing the program.

   a. **Utilization of Federal Mediation Program:** If Parties elect to utilize the Federal Mediation Program, please notify the Mediation Coordinator; Howard H. Baker, Jr. United States Courthouse; 800 Market Street, Suite 130; Knoxville, Tennessee 37902.

3.  **Disclosure and Discovery; Including Experts:**

    a.  **Rule 26(f) Meeting and Discovery Plan:** The Parties submitted their discovery plan. The Parties shall follow their discovery plan to the extent not inconsistent with this Order and may seek assistance from the Court in the event of a dispute.

    b.  **Electronic Discovery:** The Parties have conferred regarding whether they will seek discovery of electronically stored information and shall seek the Court's assistance in the event a dispute arises.

    c.  **Initial Disclosures:** The Parties agreed to complete initial disclosures under Rule 26(a)(1) by **July 25, 2025**.

    d.  **Protective Orders:** In the event a need for a further protective order arises, Parties shall endeavor to reach an agreement as to a protective order. In the absence of agreement, either Party may file a motion for a protective order.

    e.  **Expert Testimony:** Plaintiff shall disclose any expert testimony related to the issue of class certification in accordance with Rule 26(a)(2)(B) and (C) by **12/15/2025**. Defendant shall disclose any expert testimony related to the issue of class certification in accordance with Rule 26(a)(2)(B) and (C) by **12/29/2025**. Parties shall disclose rebuttal expert testimony no later than **1/5/2026**. Parties shall supplement these disclosures when required under Rule 26(e).

    f.  **Class Certification Discovery:** The Parties must complete all discovery related to the issue of class certification, including expert depositions, by **1/16/2026**. Parties must serve all written discovery requests sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline.

    g.  **Motion to Compel:** Before filing a motion to compel, relevant Parties must meet and confer in an attempt to resolve the dispute. If the relevant Parties are unable to resolve the dispute informally, the relevant Parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. If, and only if, the relevant Parties' dispute is unresolved following the conference with the Magistrate Judge, Parties may file an appropriate written motion with the Court. Parties must include a certification of compliance with this subsection and, if applicable, the written certification required by Rule 37(a)(1).

    h.  **Motion for Class Certification:** Plaintiff shall file any motion for class certification under Rule 23 on or before **2/16/2026**. Any response shall be filed on or before **3/9/2026**.

4.  **Conclusion:** Any failure to comply with the provisions of this order may result in the exclusion of witnesses, exhibits, depositions, or damages, as relevant.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge