IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | : <br> : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION NO. 3:25-cv-00161 <br> : **JURY DEMANDED** <br> : |
| v. | : <br> : |
| HUME HEALTH CORP., | : <br> : |
| Defendant. | : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HUME HEALTH CORP.'S MOTION TO STAY DISCOVERY

Defendant Hume Health Corp. ("Defendant" or "Hume"), by and through counsel, respectfully submits this Memorandum of Law in Support of its Motion to Stay Discovery.

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1
FACTS ............................................................................................................................................. 1
LEGAL STANDARD ...................................................................................................................... 3
ARGUMENT ................................................................................................................................... 3
CONCLUSION ................................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**

*Bangas v. Potter*,
    145 F. App'x 139 (6th Cir. 2005) .................................................................................. 4

*Bentley v. Paul B. Hall Reg'l Med. Ctr.*,
    No. 7:15-CV-97-ART-EBA, 2016 WL 7976040 (E.D. Ky. Apr. 14, 2016) ...................... 6

*Bolletino v. Cellular Sales of Knoxville, Inc.*,
    No. 3:12-cv-138, 2012 WL 3263941 (E.D. Tenn. Aug. 9, 2012) ..................................... 4

*Brown v. Tax Ease Lien Servicing*,
    2015 U.S. Dist. LEXIS 158666 (W.D. Ky. June 2, 2015) ................................................ 5

*Brown v. Tax Ease Lien Servicing*,
    2015 U.S. Dist. LEXIS 199389 (July 22, 2015) ................................................................ 5

*Effyis, Inc. v. Kelly*,
    2020 U.S. Dist. LEXIS 151934 (E.D. Mich. Aug. 21, 2020) ............................................ 5

*Evans v. United States*,
    No. 3:15-cv-00464, 2017 U.S. Dist. LEXIS 48580 (E.D. Tenn. Mar. 31, 2017) ............... 8

*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*,
    349 F.3d 300 (6th Cir. 2003) ........................................................................................ 3, 4

*Hahn v. Star Bank*,
    190 F.3d 708 (6th Cir. 1999) ........................................................................................ 3, 4

*Harvill v. Harvill*,
    No. 3:12-00807, 2014 U.S. Dist. LEXIS 12627 (M.D. Tenn. Jan. 31, 2014) .................... 4

*Hugueley v. Parker*,
    No. 3:19-cv-00598, 2020 U.S. Dist. LEXIS 13902 (M.D. Tenn. Jan. 28, 2020) ............... 7

*J&G Invs., LLC v. Fineline Props., Inc.*,
    No. 5:06CV2461, 2007 WL 928642 (N.D. Ohio Mar. 27, 2007) ..................................... 6

*Johnson v. N.Y. Univ. Sch. of Educ.*,
    205 F.R.D. 433 (S.D.N.Y. 2002) ...................................................................................... 5

*Keith v. Aerus, LLC*, No. 2:09-CV-297,
    2010 WL 3883434 (E.D. Tenn. Sept. 29, 2010) .................................................................. 4

*Landis v. North Am. Co.*,
    299 U.S. 248 (1936) .......................................................................................................... 3

*Paul B. Hall Reg'l Med. Ctr.*,
    No. 7:1 5-CV-97-ART-EBA, 2016 U.S. Dist. LEXIS 190880 (E.D. Ky. Apr. 14, 2016) . 6

*Sentell v. Tennessee*,
    No. 3:12-CV-593, 2013 U.S. Dist. LEXIS 91112 (E.D. Tenn. June 28, 2013) ............... 3, 4

*Surles v. Greyhound Lines, Inc.*,
    474 F.3d 288 (6th Cir. 2007) ............................................................................................ 6

# INTRODUCTION

Discovery should be stayed pending the resolution of Hume's Motion for Summary Judgment ("MSJ") for a fundamental reason: no amount of additional discovery would alter its outcome. As the MSJ explains, Plaintiff's solitary claim—for violations of the Telephone Consumer Protection Act ("TCPA") based on supposedly unsolicited texts—fails because she provided her written consent to receiving the texts. And, as this Motion explains, Hume has responded (and properly objected) to Plaintiff's discovery requests, including to confirm what Plaintiff should have investigated before filing suit: Plaintiff consented to receiving all of the text messages she complains about in her Complaint. Hume has also produced documents evidencing Plaintiff's consent. Because no further discovery can help Plaintiff create a triable issue of fact (or salvage her only claim), discovery should be stayed pending the resolution of the MSJ.

Discovery should also be stayed for a related reason. Plaintiff's discovery requests are vastly overbroad and unduly burdensome on their face. Searching for and collecting responsive documents and information would impose a significant, unjustifiable burden on Hume. Plaintiff, on the other hand, would suffer no prejudice whatsoever from a short stay in discovery pending the resolution of the MSJ, particularly when none of the discovery she seeks could help her oppose the MSJ. For all of these reasons, as set forth below, the Court should grant Hume's Motion to Stay Discovery in its entirety and stay all discovery pending the resolution of Hume's MSJ.

# FACTS

Plaintiff initiated this lawsuit by filing her Complaint on April 17, 2025. ECF No. 1. In the Complaint, Plaintiff brings a single claim, alleging that Hume violated the TCPA by sending her unsolicited text messages in February of 2025. *See id.* As Plaintiff tells it, her phone number is on the National Do Not Call Registry, and she never "sought out or solicited information" regarding

1

Hume's products prior to receiving the text messages. ECF No. 1 ¶¶ 13-20. As Hume's MSJ makes clear, however, in January of 2025, before she received any text messages from Hume, Plaintiff *did* seek out information regarding Hume's products. *See generally* MSJ. Plaintiff also provided her written consent to receiving marketing text messages from Hume when she entered her phone number (and email address) on Hume's web form, which clearly disclosed that, by entering this information and signing up, Plaintiff was agreeing to receive all of the text messages she subsequently received. *Id.* Plaintiff was assumedly familiar with these facts.

Nonetheless, on July 1, 2025, Plaintiff served Hume with dozens of discovery requests, including fifteen interrogatories, twenty-eight requests for production, and twelve requests for admission (the "Discovery Requests"), a handful of which are aimed at "discovering" how Hume obtained Plaintiff's information, and the majority of which are overbroad and unduly burdensome on their face.[1] On August 15, 2025, after receiving a short extension from Plaintiff's counsel, Hume timely served its responses and objections ("Responses") to the Discovery Requests. Hughes Decl. ¶ 3. In its Responses, Hume properly objected to the Requests because, among other things, the Requests are vastly overbroad and unduly burdensome, and they seek broad swaths of information with little bearing on the claims or defenses at issue in this case. In its Responses to Plaintiff's Interrogatories, Hume also reminded Plaintiff of what she should have already known: Plaintiff provided her written consent prior to receiving the complained-of text messages.

On September 9, 2025, Hume produced documents evidencing Plaintiff's prior written consent. Hughes Decl. ¶ 4; Hughes Decl. Exhibit B. After that, Hume filed the MSJ, which appends

---

[1] A true and correct copy of the Discovery Requests are attached as Exhibit A to the Declaration of Erika Hughes in Support of Hume's Motion to Stay Discovery ("Hughes Decl.").

these documents. As the MSJ also explains, there is no material issue of fact, and this Court should dismiss the Complaint in its entirety and enter judgment in Hume's favor.

## LEGAL STANDARD

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). When deciding a motion to stay discovery, the Court "weigh[s] the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Sentell v. Tennessee*, No. 3:12-CV-593, 2013 U.S. Dist. LEXIS 91112, at *3 (E.D. Tenn. June 28, 2013) (internal quotation marks omitted). A stay of discovery is appropriate pending the resolution of a motion for summary judgment, where, as here, the plaintiff's claims may be dismissed based on determinations that would not be altered by any further discovery. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

## ARGUMENT

As a threshold matter, Hume's MSJ requires the resolution of a single, narrow issue: whether a triable issue of fact exists as to Plaintiff's consent to receiving the text messages she complains about in her Complaint. *See* MSJ. If this question is answered in the negative, the MSJ must be granted, which will dispose of the entire case. *See id.* And here, Hume has already answered the relevant questions posed in the Discovery Requests to produce documentary evidence of Plaintiff's consent—and to explain, under oath, that Plaintiff did, in fact, provide such consent to receiving the text messages at issue. Hughes Decl. Exhibits B. No further discovery can help Plaintiff establish otherwise. And, self-evidently, proceeding with discovery solely for the sake of having discovery serves no purpose. As the Sixth Circuit has confirmed in similar

3

circumstances, discovery should be stayed pending the resolution of this dispositive motion. *See, e.g., Hahn*, 190 F.3d at 719-720 (affirming decision staying discovery pending resolution of motion for summary judgment, when "the facts that [plaintiffs] claim that they needed to discover have no relevance to the dispositive legal issues in question," and "the information they were seeking would not have salvaged their claims"); *Gettings*, 349 F.3d at 304 (affirming decision staying discovery pending resolution of motion for summary judgment when resolution of issues "could not have been altered by any further discovery"); *Bangas v. Potter*, 145 F. App'x 139, 142-43 (6th Cir. 2005) (affirming decision staying discovery pending resolution of motion to dismiss, as "any information developed" in discovery "would have no bearing" on outcome of the motion).

Notably, this Court has frequently applied the same reasoning to reach the same conclusion. *See, e.g., Sentell*, 2013 U.S. Dist. LEXIS 91112, at *3-4 (granting motion to stay pending resolution of motion to dismiss); *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-cv-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012) (staying discovery pending disposition of motion to dismiss, compel arbitration, and dismiss class action allegations); *Keith v. Aerus, LLC*, No. 2:09-CV-297, 2010 WL 3883434, at *1 (E.D. Tenn. Sept. 29, 2010) (motion to stay was properly granted, pending resolution of dispositive motion); *accord Harvill v. Harvill*, No. 3:12-00807, 2014 U.S. Dist. LEXIS 12627, at *9 (M.D. Tenn. Jan. 31, 2014) (staying discovery pending resolution of summary judgment motion after finding additional discovery was unwarranted). Hume's Motion to Stay Discovery should be granted for this reason alone.

Hume's Motion to Stay Discovery should also be granted for a related reason: responding to the Discovery Requests would impose a substantial burden on Hume, while Plaintiff would suffer no prejudice whatsoever from a stay in discovery. Taking these points in order, at this very early stage in the case, Plaintiff has already served Hume with no fewer than *fifty-five* Discovery

4

Requests. Hughes Decl. Exhibit A. Notably, these Discovery Requests are merely Plaintiff's "first set." *Id.* Additional sets of discovery requests are presumably forthcoming.

Apart from being voluminous, the Discovery Requests are also overbroad and unduly burdensome on their face. By way of example only, Plaintiff defines the "Relevant Time Period" as beginning on April 17, 2021, and continuing through the present. This nearly five-year-long period alone is indicative of an undue burden. *See, e.g., Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citing the fact that requested discovery spanned a period of five years in granting motion to stay); *Brown v. Tax Ease Lien Servicing*, 2015 U.S. Dist. LEXIS 158666, at *8 (W.D. Ky. June 2, 2015) (recommending motion to stay be granted pending resolution of dispositive motion, when, among other things, discovery requests spanned a period of years); *Brown v. Tax Ease Lien Servicing*, 2015 U.S. Dist. LEXIS 199389, *at 3 (July 22, 2015) (adopting report and recommendation and staying discovery). The burden on Hume is also entirely unwarranted. According to Plaintiff, she did not acquire her phone number until December of 2023 (ECF No. 1 ¶ 14), and she did not receive any texts from Hume until February of 2025. Nonetheless, the Discovery Requests ask Hume to comb through its records dating back to 2021.

Also problematically, some Discovery Requests explicitly demand "all" documents. *See, e.g.*, Discovery Requests at RFP No. 25-28 & Interrogatory No. 15. Other Requests seek all documents, albeit without including the word "all." *Id.* at RFP Nos. 15-24. These Discovery Requests are plainly overbroad. *See, e.g., Effyis, Inc. v. Kelly*, 2020 U.S. Dist. LEXIS 151934, at *4 (E.D. Mich. Aug. 21, 2020) (describing "any and all" as a "boundless phrase," and noting that requests for "any and all" documents are overbroad and run afoul of Rule 26(g)). Searching for and collecting the broad swaths of information responsive to these Discovery Requests would be oppressively time-consuming and expensive for Hume. At this stage, it would also be a total waste

5

of Hume's resources, with zero benefit to Plaintiff. By way of example only, even if Hume were to "Identify *all* communications" it has ever had with anyone "regarding this lawsuit" (Interrogatory No. 15), nothing in these communications could help Plaintiff create a triable issue of fact as to the only issue in the MSJ: whether she consented to receiving Hume's text messages.

The same is true of multiple other Discovery Requests, which are additionally problematic, for another reason. They amount to a fishing expedition to find potential members of a class in which Plaintiff cannot participate, having no claim of her own. *See* Discovery Requests at RFP Nos. 8-14, 20, 21, & 28 (seeking class discovery). For instance, Plaintiff demands that Hume "produce *all* documents" containing certain enumerated information, such as time and date, for every "outbound text message" ever sent to "putative class members." *Id.* at RFP No. 28. Hume is left to guess at who these "putative class members" may be. Separately, Plaintiff seeks documents showing all of "the unique telephone numbers" to which Hume "delivered or attempted to deliver during a twelve-month period at least two text messages" that either "included a solicitation" (RFP No. 8) or "referenced Defendant's product(s)" (RFP No. 9), along with the "names, addresses, and additional contact information" for "each of the telephone numbers" (RFP No. 10).

This is not a proper use of discovery, period. *See Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:1 5-CV-97-ART-EBA, 2016 U.S. Dist. LEXIS 190880, at *3 (E.D. Ky. Apr. 14, 2016) (denying motion to compel, and explaining: "Discovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims.") (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). It also further mandates in favor of a stay. *See J&G Invs., LLC v. Fineline Props., Inc.*, No. 5:06CV2461, 2007 U.S. Dist. LEXIS 21806, at *18 (N.D. Ohio Mar. 27, 2007) (observing that "[i]t makes sense to stay discovery in a class action pending resolution of motions ... which might resolve the entire case," as class

6

actions "by virtue of their broad reach, have the potential to be highly burdensome"). Simply put, there is no reason for Hume to engage in burdensome class discovery, when no discovery can solve for the fact that Plaintiff has no claim in this case and is not a member of the purported class. Indeed, as described above, there is no reason for Hume to engage in further discovery at all, pending the resolution of its MSJ.

Plaintiff will suffer no hardship whatsoever from Hume's requested stay, either. As also described above, Hume has already provided Plaintiff with substantive responses to the Discovery Requests related to Plaintiff's consent, which is the only issue raised by the MSJ. The remaining Discovery Requests have no bearing on this issue. For example, no amount of information related to Hume's "[p]olicies, practices, and procedures . . . used to avoid violations of the Telephone Consumer Protection Act" (RFP No. 17), nor documents showing Hume "received from the Federal Communication Commission's Reassigned Numbers Database" (RFP No. 23), could assist Plaintiff in opposing Hume's MSJ.

Additionally, in the (unlikely) event Hume's MSJ is denied, the stay would be brief, and it would not impact the trial date, which is currently set for December of 2026. *See* ECF No. 25. Rather than prejudicing Plaintiff, this short stay in discovery would conserve both parties' resources. Particularly when none of the additional information Plaintiff seeks in discovery has any bearing on the outcome of Hume's MSJ. *See Hugueley v. Parker*, No. 3:19-cv-00598, 2020 U.S. Dist. LEXIS 13902, at *5 (M.D. Tenn. Jan. 28, 2020) (staying discovery pending resolution of motion for summary judgment and finding that "[a] brief stay of discovery will work no significant prejudice to either party," and "it would be unnecessary and ill-advised for either party to face those costs in the event that summary judgment is granted soon on an issue unrelated to the facts being discovered"); *see also Evans v. United States*, No. 3:15-cv-00464, 2017 U.S. Dist.

LEXIS 48580, at *17 (E.D. Tenn. Mar. 31, 2017) (granting summary judgment without additional discovery when plaintiff failed to identify any information it could learn in discovery that would create a genuine issue of material fact). Hume's Motion to Stay Discovery should be granted.

## CONCLUSION

For all of the foregoing reasons, Hume respectfully requests that its Motion to Stay Discovery be GRANTED in its entirety, that the Court stay discovery pending the resolution of Hume's Motion for Summary Judgment, and that the Court grant any further additional relief as it deems just and proper.

Respectfully submitted this 14th day of October, 2025.

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Erika L. Hughes*
Robert F. Tom (TN #26636)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.577.2159
rtom@bakerdonelson.com

Erika L. Hughes (TN #35755)
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
Telephone: 865.549.7130
ehughes@bakerdonelson.com

**SCALE LLP**

*/s/ Sabina S. Schiller*
Sabina S. Schiller (admitted *pro hac vice*)
548 Market Street, Suite 86147
San Francisco, California 94014
Telephone: 816.699.3129

8

sschiller@scalefirm.com

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Erika L. Hughes*