# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | CASE NO. 3:25-cv-00161 |
| Plaintiff, | |
| v. | |
| HUME HEALTH CORP. | **JURY DEMANDED** |
| Defendant. | |

## PLAINTIFF'S FIRST SET OF DISCOVERY

Pursuant to Fed. R. Civ. P. 33, 34 and 36, Sheri Ann Butler Brockington ("Plaintiff") requests that Hume Health Corp. ("Defendant") answer and respond to the following interrogatories, requests for production, and requests for admission, under oath, and within thirty days.

### Definitions

A. "Communication" includes the transmission or receipt of information, opinions, or thoughts, from one person to another person, whether made or accomplished orally, by document, or by electronically stored information, whether face-to-face, by telephone, by mail, by email, by facsimile, by personal delivery, or otherwise, including words transmitted by telephone or voice recording.

B. "Discovery request" includes interrogatories, requests for production of documents and electronically stored information, and requests for admission.

C. "Document" means that as defined by the Federal Rules of Civil Procedure.

D. "Electronically stored information" means that as defined by the Federal Rules of Civil Procedure.

E. "Express written consent" means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which

1

the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

F. "Records" means all documents, electronically stored information, and data, which Defendant maintains in the regular course of business.

G. Should a specific term be undefined, and should Defendant feel the term is ambiguous, please contact Plaintiff' counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

## Relevant Time Period

The relevant time period for Plaintiff' discovery requests, unless otherwise indicated, begins on April 17, 2021 and continues through the present.

## Interrogatories

1. Identify each communication or attempted communication between Plaintiff and Defendant, or between telephone number 423-718-3804 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 423-718-3804 and a vendor on behalf of Defendant, including the date of each communication.

2. Identify the hardware and software Defendant, or a vendor on behalf of Defendant, used in connection with communications or attempted communications with Plaintiff, or with telephone number 423-718-3804.

3. Identify the system or software Defendant, or a vendor on behalf of Defendant, used to document or otherwise memorialize details of communications or attempted communications between Plaintiff and Defendant, or between telephone number 423-718-3804 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 423-718-3804 and a vendor on behalf of Defendant—including the date, time, substance of, and disposition of, the communications or attempted communications.

4. Identify each vendor that delivered or attempted to deliver a text message on behalf of Defendant to Plaintiff, or to telephone number 423-718-3804.

5. Identify the reason(s) Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver text messages to Plaintiff, or to telephone number 423-718-3804, and the intended recipient(s) of the text messages.

6. Identify from whom, for what purpose, from where, when, why, and how Defendant obtained or procured telephone number 423-718-3804.

7. Identify any relationship or account Defendant has or had with Plaintiff, in connection with which Plaintiff could have provided telephone number 423-718-3804 to Defendant.

8. Identify Defendant's efforts, if any, to confirm telephone number 423-718-3804 was on the National Do Not Call Registry.

9. Identify the number of unique telephone numbers to which Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver during a twelve-month period at least two text messages that included a solicitation.

10. Identify the number of unique telephone numbers to which Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver during a twelve-month period at least two text messages that referenced Defendant's product(s), a price for the product(s), and a link to purchase the product(s).

11. For the groups of unique telephone numbers referenced by interrogatory nos. 9-10, identify the number of telephone numbers in each group for which Defendant's records or its vendor's records show that someone asked or instructed Defendant or its vendor to stop sending text messages to that number.

12. Identify the number of people or telephone numbers that fall within the class definition found in the Plaintiff' class action complaint.

13. Identify any express written consent Defendant believes it has or had to deliver text messages to 423-718-3804.

14. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

15. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

## Requests for Production

1. Documents and electronically stored information sufficient to identify each communication or attempted communication between Plaintiff and Defendant, or between telephone number 423-718-3804 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 423-718-3804 and a vendor on behalf of Defendant, including the date of each communication.

2. Documents and electronically stored information sufficient to identify the system or software Defendant, or a vendor on behalf of Defendant, used to document or otherwise memorialize details of communications or attempted communications between Plaintiff and Defendant, or between telephone number 423-718-3804 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 423-718-3804 and a vendor on behalf of Defendant—including the date, time, substance of, and disposition of, the communications or attempted communications.

3

3.  Documents and electronically stored information sufficient to identify each vendor that delivered or attempted to deliver a text message on behalf of Defendant to Plaintiff, or to telephone number 423-718-3804.

4.  Documents and electronically stored information sufficient to identify the reason(s) Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver text messages to Plaintiff, or to telephone number 423-718-3804, and the intended recipient(s) of the text messages.

5.  Documents and electronically stored information sufficient to identify from whom, for what purpose, from where, when, why, and how Defendant obtained or procured telephone number 423-718-3804.

6.  Documents and electronically stored information sufficient to identify any relationship or account Defendant has or had with Plaintiff, in connection with which Plaintiff could have provided telephone number 423-718-3804 to Defendant.

7.  Documents and electronically stored information sufficient to identify Defendant's efforts, if any, to confirm that telephone number 423-718-3804 was on the National Do Not Call Registry.

8.  Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver during a twelve-month period at least two text messages that included a solicitation.

9.  Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver during a twelve-month period at least two text messages that referenced Defendant's product(s), a price for the product(s), and a link to purchase the product(s).

10. For the groups of unique telephone numbers referenced by interrogatory nos. 9-10, and request for production nos. 9-10, documents and electronically stored information sufficient to identify the unique telephone numbers in each group that were registered with the National Do Not Call Registry for at least thirty days before Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver the first of the at least two subject text messages.

11. For the groups of unique telephone numbers referenced by interrogatory nos. 9-10, and request for production nos. 9-10, documents and electronically stored information sufficient to identify the unique telephone numbers in each group for which Defendant's records or its vendor's records show that someone asked or instructed Defendant or its vendor to stop sending text messages to that number.

12. Documents and electronically stored information sufficient to identify the people or telephone numbers that fall within the class definition found in Plaintiff's class action complaint.

13. For the unique telephone numbers referenced by interrogatory nos. 9-10, and request for production nos. 10-11, documents and electronically stored information sufficient to identify names, addresses, and additional contact information Defendant has for persons Defendant associates with each of the telephone numbers.

14. Documents and electronically stored information sufficient to identify each text message Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver to each of the unique telephone numbers referenced by interrogatory nos. 9-10, and request for production nos. 10-11.

15. Documents and electronically stored information referred to or consulted in the preparation of Defendant's answers and responses to Plaintiff' discovery requests.

16. Records that Defendant associates with Plaintiff, or with telephone number 423-718-3804.

17. Policies, practices, and procedures Defendant uses or used to avoid violations of the Telephone Consumer Protection Act ("TCPA").

18. Policies, practices, and procedures Defendant uses or used regarding requests or instructions that Defendant or a vendor on its behalf stop delivering text messages to a telephone number, or notifications that Defendant or a vendor on its behalf delivered a text message to the wrong person or telephone number.

19. Statements, declarations, or affidavits prepared or received in connection with this litigation.

20. Documents and electronically stored information referencing complaints from persons about text messages Defendant or a vendor on its behalf delivered absent prior express written consent.

21. Documents and electronically stored information sufficient to identify any express written consent Defendant believes it has or had to deliver text messages to the unique telephone numbers referenced by interrogatory nos. 9-10, and request for production nos. 10-11.

22. Internal do-not-call or do-not-text lists Defendant maintains as a result of unsubscribe or "stop" requests sent in response to text messages from or on behalf of Defendant.

23. Documents and electronically stored information Defendant received from the Federal Communication Commission's Reassigned Numbers Database.

24. Documents and electronically stored information Defendant received from the National Do Not Call Registry.

25. All documents and electronically stored information Defendant contends support the factual bases for its defenses and affirmative defenses.

26. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

27. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

28. Please produce all documents containing any of the following information for each outbound text message offering your goods or services sent by you or your vendors to putative class members:

    a) the date and time;
    b) any process for using the reassigned number database before contacting that number;
    c) the result of the text; and
    d) any other information stored by the call detail records.

## Requests for Admission

1. Admit Defendant delivered more than one text message to telephone number 423-718-3804 after January 30, 2024.

2. Admit a vendor on Defendant's behalf delivered more than one text message to telephone number 423-718-3804 after January 30, 2024.

3. Admit Defendant delivered more than one text message that included a solicitation to telephone number 423-718-3804 after January 30, 2024.

4. Admit a vendor on Defendant's behalf delivered more than one text message that included a solicitation to telephone number 423-718-3804 after January 30, 2024.

5. Admit Defendant delivered more than one text message that included a link to a website by way of which Defendant's product(s) could be purchased to telephone number 423-718-3804 after January 30, 2024.

6

Case 3:25-cv-00161-KAC-DCP    Document 34-1    Filed 10/14/25    Page 7 of 8
PageID #: 120

6. Admit a vendor on Defendant's behalf delivered more than one text message that included a link to a website by way of which Defendant's product(s) could be purchased to telephone number 423-718-3804 after January 30, 2024.

7. Admit Defendant delivered more than one text message that referenced Defendant's product(s), a price for the product(s), and a link to purchase the product(s), to telephone number 423-718-3804 after January 30, 2024.

8. Admit a vendor on Defendant's behalf delivered more than one text message that referenced Defendant's product(s), a price for the product(s), and a link to purchase the product(s), to telephone number 423-718-3804 after January 30, 2024.

9. Admit Defendant delivered more than one text message that referenced Defendant's product(s), a discount to the price for the product(s), and a link to purchase the product(s), to telephone number 423-718-3804 after January 30, 2024.

10. Admit a vendor on Defendant's behalf delivered more than one text message that referenced Defendant's product(s), a discount to the price for the product(s), and a link to purchase the product(s), to telephone number 423-718-3804 after January 30, 2024.

11. Admit Plaintiff did not provide express written consent for Defendant to deliver text messages to telephone number 423-718-3804.

12. Admit Defendant does not have a writing from Plaintiff by way of which she gave express consent for Defendant to deliver text messages to telephone number 423-718-3804.

Dated: July 1, 2025

PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com