# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUME HEALTH CORP.,<br><br>Defendant. | CIVIL ACTION NO. 3:25-cv-00161<br>**JURY DEMANDED** |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT HUME HEALTH CORP.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Hume Health Corp. ("Defendant" or "Hume"), by and through counsel, submits this Memorandum in Support of its Motion for Summary Judgment. For the reasons stated herein, there are no genuine issues of material fact and summary judgment should be granted in favor of Hume.

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

FACTS .................................................................................................................................. 1

LEGAL STANDARD .......................................................................................................... 3

ARGUMENT ........................................................................................................................ 3

CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Ammons v. Ally Fin., Inc.*,

    326 F. Supp. 3d 578 (M.D. Tenn. 2018) ........................................................................... 4, 5

*Anderson v. Liberty Lobby, Inc.*,

    477 U.S. 242 (1986) ................................................................................................................ 3

*Baisden v. Credit Adjustments, Inc.*,

    813 F.3d 338 (6th Cir. 2016) ................................................................................................... 5

*Celotex Corp. v. Catrett*,

    477 U.S. 317 (1986) ................................................................................................................ 3

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,

    27 FCC Rcd. 1830 (Feb. 15, 2012) ......................................................................................... 4

*McPeters v. Parker*,

    No. 3:18-CV-39, 2019 U.S. Dist. LEXIS 52413 (E.D. Tenn. Mar. 28, 2019) ..................... 6

*Miller v. NRA Grp., LLC*,

    No. 1:14-cv-132, 2014 U.S. Dist. LEXIS 148514 (W.D. Mich. Oct. 20, 2014) .................. 5

*Morris v. Modernize, Inc.*,

    No. AU-17-CA-00963-SS, 2018 U.S. Dist. LEXIS 232701 (W.D. Tex. Sep. 27, 2018) .. 5

*Rodriguez v. Premier Bankcard, LLC*,

    No. 3:16CV2541, 2018 U.S. Dist. LEXIS 149225 (N.D. Ohio Aug. 31, 2018) ............. 3, 5

*Street v. J.C. Bradford & Co.*,

    886 F.2d 1472 (6th Cir. 1989) ................................................................................................. 3

*Van Patten v. Vertical Fitness Group, LLC*,

    847 F. 3d 1037 (9th Cir. 2017) ................................................................................................ 5

**STATUTES**

15 U.S.C. § 7001 .............................................................................................................................. 4

47 C.F.R. § 64.1200 ......................................................................................................................... 4

47 U.S.C. § 227 ....................................................................................................................... 1, 3, 4

Fed. R. Civ. P. 56 ............................................................................................................................ 3

## INTRODUCTION

In the Complaint, Plaintiff Sheri Butler Brockington ("Ms. Brockington" or "Plaintiff") alleges that her phone number was listed on the National Do Not Call Registry ("NDCR") and, in February of 2025, she received unsolicited marketing text messages from Hume in violation of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227). Ms. Brockington's (solitary) claim fails for a simple reason – she consented to receiving all of the texts in question.

More specifically, as the evidence confirms, Ms. Brockington visited Hume's website and entered her personal information, including her phone number and email address, on Hume's web form. This web form clearly and conspicuously informs all individuals, including Ms. Brockington, that, by submitting the completed form, the individual consents to receiving marketing texts from Hume. Because Ms. Brockington filled out this form and consented to receiving texts from Hume, including during the time period she complains about in the Complaint, there was no violation of the TCPA. And because there is no issue of material fact for trial, the Court should grant summary judgment in Hume's favor and dismiss Plaintiff's claims in their entirety, with prejudice.

## FACTS

The relevant undisputed material facts are set out in Hume's Statement of Undisputed Material Facts, which is filed contemporaneously and incorporated by reference. For ease of reference, these facts are summarized briefly below.

Plaintiff initiated this lawsuit by filing the underlying Complaint on April 17, 2025. ECF No. 1. In the Complaint, Plaintiff brings a single claim, alleging that Hume violated the TCPA. According to Plaintiff, Hume sent text messages to Plaintiff's phone in February of 2025 even though Plaintiff's phone number is listed on the NDCR, and Plaintiff had not "sought out or

1

solicited information regarding" Hume's services prior to receiving the text messages. ECF No. 1 ¶¶ 13-20. The problem for Plaintiff is that, as the evidence confirms, Plaintiff did seek out information regarding Hume's services—and she consented to receiving all of the marketing texts in question from Hume.

More specifically, on or about January 22, 2025, Plaintiff clicked on one of Hume's Facebook advertisements, which took her to Hume's website. Statement of Undisputed Material Facts (hereinafter, "SUMF"), ¶ 1. There, a pop-up window appeared on Ms. Brockington's computer or telephone screen with a blank space for her to provide an email and/or phone number. SUMF, ¶ 2. Below this space appeared the following language (or substantively identical language): "By submitting this form, you consent to receive information (e.g., order updates) and/or marketing texts (e.g., cart reminders) from Hume Health including texts sent by autodialer. Consent is not a condition of purchase . . . ." *Id.* Below this language appeared the following two options: "SIGN UP," and "No Thanks." SUMF, ¶ 3.

Upon viewing this language, Plaintiff entered her telephone number 423-718-XXXX, along with her email address, sbrockington877@gmail.com, and clicked the box "SIGN UP." SUMF, ¶ 4. After Plaintiff provided her consent to receiving such texts and emails, Hume caused marketing texts and emails to be sent to Plaintiff. SUMF, ¶ 6. All of these texts were sent to Plaintiff during the period she consented to receiving such communications. *See* Uskans Decl. Exhibit A; *see also* ECF No. 1; SUMF, ¶¶ 6 and 7.

On March 18, 2025, Plaintiff unsubscribed from text marketing communications from Hume. Uskans Decl. Exhibit A at 4; SUMF, ¶ 7. Hume has not sent any text marketing communications to Plaintiff since then. SUMF, ¶ 8.

## LEGAL STANDARD

Summary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," which requires presenting "competent evidence" sufficient to establish as much. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 256 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence is not enough. *Id.* at 248-252. And, if the non-moving party fails to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the Court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

On a motion for summary judgment in a TCPA action where the defendant asserts that the plaintiff consented to the alleged communications, the defendant must make a prima facie showing of consent. *Rodriguez v. Premier Bankcard, LLC*, No. 3:16CV2541, 2018 U.S. Dist. LEXIS 149225, at *8 (N.D. Ohio Aug. 31, 2018). Once the defendant meets that burden, the plaintiff must proffer competent evidence establishing a genuine issue of material fact exists as to such consent. *Id.* If the plaintiff fails to make such a showing, summary judgment must be granted in the defendant's favor, and the case must be dismissed. *Id.*

## ARGUMENT

As a general matter, the TCPA and its implementing regulations prohibit entities from: (1) making any call using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service, 47 U.S.C. § 227(b)(1)(A)(iii); and (2) initiating any telephone

3

solicitation to a residential telephone subscriber who placed his phone number on the national do-not-call registry. 47 C.F.R. § 64.1200(c)(2). But where, as here, a telephone subscriber gives her express consent to receive the call (or text), the caller cannot face liability under either theory. 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(f)(15). Put differently, when a plaintiff consents to receiving the complained of communications, her purported TCPA claim fails as a matter of law. *Ammons v. Ally Fin., Inc.*, 326 F. Supp. 3d 578, 591 (M.D. Tenn. 2018).

Here, the issue of consent is straightforward. Plaintiff provided Hume with her consent to receiving the texts in question when she clicked the "SIGN UP" button, filled out the website form, and submitted the form with her personal information, including her phone number and email address. *See* Ronnov Decl. ¶¶ 2-7; *see also* Uskans Decl. Exhibit A; Uskans Decl. ¶¶ 2, 4. This action reflects Plaintiff's express written consent—and Hume permissibly obtained it. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (Feb. 15, 2012) (telemarketers may "obtain prior express written consent using any medium or format permitted by the E-Sign Act," including "website form."); *see also* 15 U.S.C. § 7001(a)(1) ("[A] signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form . . . .").

To the extent Plaintiff would argue otherwise, Hume's website form also clearly informed Plaintiff of what she was agreeing to: receiving marketing communications from Hume. An agreement must include a "clear and conspicuous disclosure" informing an individual that, "[b]y executing the agreement," he or she agrees to receive telemarketing calls. 47 C.F.R. § 64.1200(f)(8)(i). A disclosure is "clear and conspicuous" if it "would be apparent to the reasonable consumer, separate and distinguishable from the advertising copy or other disclosures." *Id.* § 64.1200(f)(3). Hume's web form plainly qualifies. *See* Ronnov Decl. ¶ 2.

4

As the disclosure states: "By submitting this form, you consent to receive information (e.g., order updates) and/or marketing texts (e.g., cart reminders) from Hume Health including texts sent by autodialer. Consent is not a condition of purchase . . ." *Id.* This disclosure was also located directly above the "SIGN UP" button Plaintiff used to submit the web form and would have been readily apparent to any reasonable consumer, including Plaintiff. It is also quite similar to the web form used in *Morris v. Modernize, Inc.*, where the Court found the disclaimer was "clear and conspicuous" and granted summary judgment based on the plaintiff's prior express written consent to receiving the communications at issue. No. AU-17-CA-00963-SS, 2018 U.S. Dist. LEXIS 232701, at *6-8 (W.D. Tex. Sep. 27, 2018). The same rationale compels the same result here.

Importantly, Plaintiff only received marketing texts during the period of her consent. *See* Ronnov Decl. ¶ 7; Uskans Decl. Exhibit A. Once consent is obtained, such consent is effective unless and until it is clearly revoked by the consumer. *Ammons*, 326 F. Supp. 3d at 591-600; *Van Patten v. Vertical Fitness Group, LLC*, 847 F. 3d 1037 (9th Cir. 2017). Plaintiff consented to receiving marketing communications in late January of 2025 (Ronnov Decl. ¶¶ 3-7), before receiving the complained-of texts from Hume. *Id.*; *see also* Uskans Decl. Exhibit A; ECF No. 1. Plaintiff did not revoke her consent until March of 2025, at which point she did not receive (and has not received) any further marketing texts from Hume. Ronnov Decl. ¶ 7.

As the evidence (and ample case law) confirms, no genuine issue of material fact exists as to Plaintiff's consent, and Hume is entitled to judgment as a matter of law as to Plaintiff's claims. *See, e.g.*, *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 340 (6th Cir. 2016) (affirming grant of summary judgment based on plaintiff's prior express consent); *Rodriguez*, No. 3:16CV2541, 2018 U.S. Dist. LEXIS 149225, at *38 (granting partial summary judgment based on prior express consent); *Miller v. NRA Grp., LLC*, No. 1:14-cv-132, 2014 U.S. Dist. LEXIS 148514, at *6 (W.D.

Mich. Oct. 20, 2014) (granting summary judgment based on prior express consent). And, because Hume is entitled to summary judgment as to Plaintiff's claims, her purported class claims necessarily fail as well, and the entire Complaint must be dismissed. *See, e.g.*, *McPeters v. Parker*, No. 3:18-CV-39, 2019 U.S. Dist. LEXIS 52413, at *28 (E.D. Tenn. Mar. 28, 2019) ("[Plaintiff's] class allegations fail because . . . she cannot serve as the class representative.").

## CONCLUSION

For all of the foregoing reasons, Hume respectfully requests that its Motion for Summary Judgment be GRANTED in its entirety, and that the Court grant any further additional relief as it deems just and proper.

Respectfully submitted this 14th day of October, 2025.

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Erika L. Hughes*
Robert F. Tom (TN #26636)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.577.2159
rtom@bakerdonelson.com

Erika L. Hughes (TN #35755)
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
Telephone: 865.549.7130
ehughes@bakerdonelson.com

**SCALE LLP**

*/s/ Sabina S. Schiller*
Sabina S. Schiller (admitted *pro hac vice*)
548 Market Street, Suite 86147

6

San Francisco, California 94014
Telephone: 816.699.3129
sschiller@scalefirm.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2025 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_s/Erika L. Hughes_
Attorney
