UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Sheri Butler Brockington, on behalf of herself and others similarly situated, | |
| Plaintiff, | Civil Action No. 3:25-cv-00161 |
| v. | **Jury Demanded** |
| Hume Health Corp., | |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Hume Health insists that Ms. Brockington's claim fails because—according to Hume—it can trace a specific online interaction allegedly occurring on or about January 22, 2025, during which Ms. Brockington supposedly clicked on a Facebook advertisement, navigated to Hume's website, reviewed an embedded pop-up form, entered both her email address and phone number, affirmatively clicked "SIGN UP," and thereby consented to receive marketing text messages. Hume Health is wrong. Although Ms. Brockington visited Hume's website, she never provisioned her phone number. The text messages she received were unsolicited. Hume's motion rests entirely on its own account of what its website supposedly displayed and who supposedly submitted information there. But discovery has not meaningfully begun. At this early stage, Plaintiff has not had the opportunity to show that her purported consent was unlawfully obtained.

Furthermore, Ms. Brockington's sworn declaration directly contradicts Hume's narrative. Summary judgment should therefore be denied on this ground

alone.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on April 17, 2025, alleging violations of the Telephone Consumer Protection Act. Hume Health was served on April 25, 2025, and filed its Answer on June 16, 2025. Discovery is scheduled to close on June 5, 2026, and dispositive motions are not due until August 28, 2026. The case remains in its early stages, and discovery has barely begun. On October 14, 2025, Hume filed its motion for summary judgment before any meaningful discovery occurred.

## LEGAL STANDARD

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." *Id.* (citation and internal quotation marks omitted). "In response, the

nonmoving party must present 'significant probative evidence' that will reveal that there is more than 'some metaphysical doubt as to the material facts.'" *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)).

A grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery. Id.; Bunche v. United States, No. 17-6190, 2018 U.S. App. LEXIS 16748, 2018 WL 4959029, at * 2 (6th Cir. June 20, 2018) ("A district court abuses its discretion if it grants summary judgment to the defendant without giving the plaintiff a full opportunity to conduct discovery."). *Hanna v. Marriott Hotel Servs.*, No. 3:18-cv-0325, 2019 U.S. Dist. LEXIS 224508, at *4 (M.D. Tenn. Mar. 18, 2019). Although the Sixth Circuit has upheld cases granting summary judgment prior to discovery, such cases are extraordinary and not the norm. *Moore v. Shelby Cty.*, 718 F. App'x 315, 320 (6th Cir. 2017). The reason for this is simple: A summary judgment determination requires an inquiry into "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Common sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence. *Id.*

## ARGUMENT

### I. Whether Ms. Brockington provided her phone number is disputed.

Hume's evidentiary showing is speculative and not based on personal knowledge. Rule 56 requires declarations "made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify." Fed. R. Civ. P. 56(c)(4). Hume's declarants describe how its site and analytics platforms generally work and what a user "would have" seen, but none claims to have observed what Brockington actually saw or did on her device on January 22, 2025. Screenshots and after-the-fact data pulls do not authenticate who entered any data, what screen was displayed, or whether Brockington saw or assented to any disclosure; they reflect only what Hume's systems now contain. Arguments requiring a court's speculation, and going well beyond the submitted evidence, are insufficient means for granting summary judgment. *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 487 F. Supp. 2d 861, 884 (E.D. Ky. 2007) On this record, Hume's "would have viewed" phrasing is an inference, not admissible fact, and cannot carry an affirmative defense at summary judgment. See Fed. R. Civ. P. 56(c)(4); 56(e) (court may treat an assertion as disputed when not properly supported).*Johnson v. Donahoe*, 642 F. App'x 599, 602 (6th Cir. 2016) (a party asserting that there is no genuine dispute of material fact must still support its assertions with record evidence and bears the burden of showing that there are no genuine disputes of material fact) (citing *Morales v. Am. Honda Motor Co.*, 71 F.3d 531, 535 (6th Cir. 1995).

Although Ms. Brockington acknowledges visiting Hume Health's website after seeing an online advertisement, she is not required to prove a negative by demonstrating that she did not submit the alleged form or provide her phone number. Where, as here, a defendant seeks summary judgment on an affirmative defense on which it will bear the ultimate burden of proof at trial, it faces a demanding standard. *See Snyder v. Kohl's Dep't Stores, Inc.*, 580 F. App'x 458, 461 (6th Cir. 2014). Summary judgment is proper "only if the record shows that [the defendant] established the defense so clearly that no rational jury could have found to the contrary." *Id.* (quoting *Beck-Wilson v. Principi*, 441 F.3d 353, 365 (6th Cir. 2006)); see also *Speedeon Data, LLC v. Integrated Direct Mktg., LLC*, 718 F. App'x 333, 337 (6th Cir. 2017). Hume's claim of consent is an affirmative defense, and its motion relies entirely on the assertion that a specific website interaction produced valid consent to receive telemarketing messages. Ms. Brockington's sworn declaration directly contradicts that narrative and as explained below there are other plausible means by which Hume could have obtained Ms. Brockington's phone number.

Even crediting Hume's evidence, a reasonable jury could find the "submission" is the product of lead-generation fraud rather than Brockington's consent. Lead vendors and intermediaries routinely inject consumer data into web forms and resale pipelines, creating artifacts that look like consumer consent. *See Richard Kahn,* How Lead Generation Fraud Affects Brands and Consumers, A NURA (Jan. 27, 2022), https://www.anura.io/blog/how-lead-fraud-affects-brands-and-consumers; See What Is Lead Generation Fraud? Types & Prevention Methods

Explained, S PIDER AF, https://spideraf.com/media/articles/what-is-lead-fraud?saf_score=1 [https://archive.ph/7wTyK]. Significantly, companies can obtain a consumer's telephone number from a website visit even when the consumer does not supply that information. Publicly available evidence shows that online retailers and marketing platforms use data-matching technologies that identify visitors and associate them with existing contact information, including phone numbers, drawn from brokered databases and cross-device tracking tools. These systems can link a browsing session to a phone number already stored in marketing records, even where the user never typed or transmitted that number through the website itself. (*See* Megan Graham, *How Brands Get Your Phone Number and Call After They See You on Their Website*, CNBC, Nov. 7, 2019.)

That practice reinforces the reasonableness of the inference that Hume's records may reflect automated data collection or a brokered match rather than any voluntary act by Ms. Brockington. On this record, Hume's internal screenshots do not prove who entered the data or that she ever saw a disclosure, and the existence of common industry methods for linking browsing activity to phone numbers precludes summary judgment on consent.

## II. Hume has failed to demonstrate that it complied with the E-sign act.

Even assuming Ms. Brockington provided her phone number to Hume Health (she did not), the consent Hume relies on would still be legally deficient because it fails to comply with the Electronic Signatures in Global and National Commerce Act

("E-SIGN Act"). The FCC's rules implementing the Telephone Consumer Protection Act require *prior express written consent* for telemarketing calls and text messages. 47 C.F.R. §§ 64.1200(a)(2), (c)(2). A seller may obtain such consent electronically, but only if the process satisfies the E-SIGN Act's requirements for valid electronic signatures. 47 C.F.R. § 64.1200(f)(9); see *In re Rules & Regulations Implementing the TCPA*, 27 FCC Rcd. 1830, ¶ 34 (2012) ("Consent obtained in compliance with the E-SIGN Act will satisfy the requirements of our revised rule … ").

The E-SIGN Act permits an electronic record to serve as a written signature only if the consumer first receives specified disclosures, including (1) how to withdraw consent, and (2) the hardware and software requirements needed to access and retain electronic records. 15 U.S.C. § 7001(c)(1)(B)–(C). Hume's own evidence contains none of these disclosures. The form it cites includes no notice of withdrawal rights, no statement of technical requirements, and no opportunity for the consumer to agree to conduct transactions electronically in the first place. 15 U.S.C. § 7001(c)(1)(C)(i)–(ii). The record is silent as to any "statement" advising consumers of procedures for granting or withdrawing consent or of their rights concerning electronic records. 15 U.S.C. § 7001(c).

In short, even if the Court were to credit Hume's version of events—that Ms. Brockington somehow provided her phone number through the website—the purported consent would remain invalid as a matter of law because it was not obtained in compliance with the E-SIGN Act. As the court held in *Mantha v. QuoteWizard.com, LLC*, No. 1:19-cv-12235, 2021 U.S. Dist. LEXIS 245059, at *24 (D.

Mass. Dec. 27, 2021), a failure to provide the disclosures required by the E-SIGN Act is fatal to compliance and cannot constitute valid "prior express written consent" under the TCPA. The same conclusion follows here. Even assuming Hume's factual assertions were true, its purported consent form is legally void, and its affirmative defense of consent fails as a matter of law.

### III. Hume's Summary Judgment Motion is premature and should be denied or, at a minimum, deferred under 56(d).

To the extent there is any doubt regarding the existence of genuine issues of material fact that require denial of Hume's motion for summary judgment, the motion should be refused as premature under Rule 56(d) of the Federal Rules of Civil Procedure, which provides that when a party cannot "present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment . . . or may make such other order as is just." Summary judgment is proper only after there has been "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); see also *Tarleton v. Meharry Med. Coll.*, 717 F.2d 1523, 1535 (6th Cir. 1983) ("[S]ummary judgment should not ordinarily be granted before discovery has been completed."). Indeed, the Supreme Court has clarified that summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (relying upon Rule 56(d)).

When there has not been adequate discovery, rule 56 protects parties that cannot, for valid reasons, sufficiently oppose a motion for summary judgment. *Mallory v. Noble Corr. Inst.*, 45 F. App'x 463, 469 (6th Cir. 2002) (citing 10B Charles

Alan Wright et al., *Federal Practice and Procedure* § 2740, at 397 (3d ed. 1998)). Under this Rule, a nonmoving party may indicate that it is unable to present facts essential to justify its opposition to a motion for summary judgment. *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). When a nonmoving party files a Rule 56(d) declaration identifying the discovery needed, a district court may properly decline to consider the merits of a summary judgment motion on the ground that it is premature. *Id.* (citing *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002); *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002)). In addition to filing a Rule 56(d) declaration, the Sixth Circuit has explained that a party opposing summary judgment as premature should specify what discovery is needed and why the information has not been previously obtained. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

Here, Ms. Brockington has not yet had the opportunity to take the discovery necessary to confirm how her phone number was obtained as a product of lead fraud.[1] Because discovery has not begun, and Ms. Brockington cannot yet "present facts essential to justify [her] opposition," Fed. R. Civ. P. 56(d), Hume's motion is premature and should be denied.

---

[1] Ms. Brockington is not required to prove a negative by establishing that consent was *not* obtained. See *Ray v. Clements*, 700 F.3d 993, 1010 (7th Cir. 2012) (explaining that a plaintiff need not "prove a negative" when opposing an affirmative defense). Rather, Hume bears the burden of proving its affirmative defense of consent. See *Snyder v. Kohl's Dep't Stores, Inc.*, 580 F. App'x 458, 461 (6th Cir. 2014). Ms. Brockington should nonetheless be afforded the opportunity to pursue discovery corroborating her theory that any purported consent record was the product of lead fraud.

## Conclusion

For the foregoing reasons, Hume's Motion for summary judgment should be denied in its entirety.

Dated: November 4, 2025

Respectfully Submitted:

*/s Anthony I Paronich*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
617 485-0018
anthony@paronichlaw.com