| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:25-CV-161-KAC-DCP |
| v. | ) ) | |
| HUME HEALTH, LLC; | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff Sheri Butler Brockington's alternative request to deny or defer Defendant Hume Health, LLC's "Motion for Summary Judgment" [Doc. 35] under Rule 56(d) [*See* Doc. 42 at 8]. For the reasons below, the Court denies that request.

## I. Background

Plaintiff filed the instant action on behalf of herself and others similarly situated [Doc. 1 at 1]. The Complaint alleges that Defendant "violated" the Telephone Consumer Protection Act "by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent" [*See* Doc. 1 at 2].

On June 17, 2025, the Court ordered the Parties to confer and submit the required Rule 26(f) report [*See* Doc. 24]. And on July 1, Plaintiff served her "first set of discovery requests," which Defendant responded to on August 15 via "verified interrogatory responses" [*See* Docs. 34 at 1, 43 at 11]. Defendant explained:

"[Defendant] obtained the telephone number [relevant to the purportedly unlawful calls or text messages Plaintiff received from Defendant]" "on or about January 22, 2025" when "an individual clicked on a Facebook advertisement for [Defendant's] products at which point a popup window appeared on that individual's computer or telephone screen with a blank space for an individual to provide an email and/or

phone number, and, below this space, appeared the following language (or substantively identical language): 'By submitting this form, you consent to receive information (e.g., order updates) and/or marketing texts (e.g., cart reminders) from Hume Health including texts sent by autodialer. Consent is not a condition of purchase ...' Below this language appeared the following two options: 'SIGN UP,' and 'No Thanks'"

[*See* Doc. 43-1 at 3-4]. "Upon viewing this language, the individual entered the" Plaintiff's phone number and email address and "clicked the box 'SIGN UP'" [*Id.* at 4]. On September 9, Defendant "served [its] first document production on Plaintiff's counsel via email" [*Id.* at 2]. According to Defendant, these documents corroborated their verified interrogatory responses and "show[ed] that Plaintiff had, in fact, visited [Defendant's] website—and consented to receiving the texts at issue" [*See* Doc. 43 at 2]. Shortly thereafter, the Court ordered the Parties to "complete all discovery related to the issue of class certification" by January 1, 2026 [*See* Doc. 31 at 2].

On October 14, before discovery closed, Defendant filed a "Motion for Summary Judgment" [Doc. 35] based on Plaintiff's purported consent to receive text messages from Defendant [*See* Docs. 35, 37]. In support, Defendant submitted Declarations from Marius Ronnov [Doc. 35-1] and SIA AU Media [Doc. 35-2]. Both declarations "describe the precise steps that Plaintiff took, upon visiting [Defendant's] website on January 22, 2025, to provide her consent to receiving text messages, along with the precise language that was in effect at the time that Plaintiff provided such consent" [*See* Doc. 43 at 3].

In opposition, Plaintiff asked the Court to deny Defendant's Motion "as premature under Rule 56(d)" because Plaintiff "ha[d] not yet had the opportunity to take the discovery necessary to confirm how her phone number was obtained as a product of lead fraud" [*See* Doc. 42 at 8-9]. In support, Plaintiff submitted a Declaration [Doc. 42-1] admitting she "visited [Defendant's] website" but claiming that she "never gave [Defendant] permission verbally, in writing, or electronically, to send [her] telemarketing of any kind" [*See* Doc. 42-1 at 1]. Plaintiff further

2

declared that "[Defendant] received [her] telephone number, but they did not obtain it from [her]" [*Id.*].  Plaintiff's attorney also submitted a declaration indicating that "[d]iscovery in support of Plaintiff's lead-fraud theory—specifically, discovery concerning how [Defendant] obtained the phoned number it attributes to [Plaintiff]—has not yet been obtained" [*See* Doc. 42-2 at 1].  "At a minimum," Plaintiff requests that she be permitted "to issue document requests and take depositions" before the Court adjudicate the Motion [*Id.* at 2].

Defendant replied, arguing that it "already provided the information that Plaintiff now claims she 'needs' to oppose [Defendant's] motion" [*See* Doc. 43 at 11].  Defendant maintains that Plaintiff's "general and conclusory assertions and conjecture" are "wholly insufficient to justify additional discovery under Rule 56(d)" [*Id.* at 12].  Since then, discovery continued, but Plaintiff has not filed a supplement nor amended her response to the Motion.

## II.     Analysis

Rule 56(d) provides an avenue for relief if a party requires additional discovery to oppose a motion for summary judgment.  *See* Fed. R. Civ. P. 56(d).  But a party opposing summary judgment "possesses no absolute right" to additional discovery.  *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)); *see* Fed. R. Civ. P. 56(d) (requiring the Court to assess whether a party "cannot present facts essential to justify its opposition").  Rather, the party must "indicate" to the Court the "need for discovery, what material facts [the party] hopes to uncover, and why [she] has not previously discovered the information."  *Id.* (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)).  The party must "***clearly explain***" how the additional discovery will "shed further light on the issue[s]" relevant to summary judgment, "demonstrat[ing] that for specified reasons, [she] cannot present facts essential to justify [her] opposition."  *See Hayes v. Gordon Food Serv., Inc.*,

3

783 F. Supp. 3d 1016, 1034 (W.D. Ky. Jan. 27, 2025) (cleaned up) (quoting *Moore v. Shelby Cnty.*, 718 F. App'x 315, 319 (6th Cir. 2017)); *see also Ball*, 385 F.3d at 721.

Here, Defendant has already provided Plaintiff interrogatory responses, documents, and sworn declarations explaining how Defendant received Plaintiff's phone number and email address [*See* Docs. 34, 35-1, 35-2, 40, 43-1]. Plaintiff maintains that "document requests" and "depositions" are "needed to substantiate Plaintiff's lead-fraud theory," but she does not identify any specific depositions or documents she needs [*See generally* Doc. 42-2]. Nor does she explain her lead-fraud theory and how any depositions or documents would help support that theory [*Id.*]. Similarly, Plaintiff has not identified any material facts that she hopes to uncover through additional discovery [*See generally* Docs. 42, 42-1, 42-1]. Plaintiff asserts that she needs more "discovery concerning how [Defendant] obtained the phone number it attributes to" Plaintiff [*See* Doc. 42-2 at 1]. But Defendant has provided this information to Plaintiff several times, from several sources, and in several formats [*See* Docs. 34, 35-1, 35-2, 40, 43-1]. And Plaintiff has not "***clearly explain[ed]***" how any additional discovery she seeks will "shed further light on" "how [Defendant] obtained the phone number it attributes to [Plaintiff]," [*see* Doc. 42-2 at 1], nor has she "demonstrat[ed]" "reasons, [she] cannot present facts essential to justify [her] opposition" to Defendant's summary judgment Motion [Doc. 35]. *See Hayes*, 783 F. Supp 3d at 1034 (cleaned up). This failure dooms her request.

III. **Conclusion**

For the above reasons, the Court **DENIES** Plaintiff's alternative request to deny or defer Defendant Hume Health, LLC's "Motion for Summary Judgment" [Doc. 35] under Rule 56(d) [*See* Doc. 42 at 8]. The Court will promptly adjudicate Defendant's Motion for Summary Judgment.

4

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

5